UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 10-107-JJB

RAMON RODRIGUEZ-BERMUDEZ

# **RULING ON PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

This matter is before the Court on Petitioner Ramon Rodriguez-Bermudez's motion to vacate, set aside, or correct his sentence, which was filed pursuant to 28 U.S.C. § 2255 (Doc. 51). The United States has filed an opposition. (Doc. 60). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Court DENIES Petitioner's motion.

I.

On July 15, 2010, Petitioner was charged with illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a). (Doc. 1). On July 22, 2010, Petitioner made his initial appearance before the Magistrate Judge, who advised Petitioner of the charges and the maximum possible penalty[1], which Petitioner

---

[1] The maximum possible penalty that the Magistrate and this Court have advised Petitioner mirrors the language found in 8 U.S.C. § 1326(a) and (b). The maximum possible penalty is a two year prison term, but if the deportation followed a conviction for three or more misdemeanors involving drugs or crime against the person, or both, or a felony, then the term of imprisonment increases

1

indicated that he understood. (Docs. 2 and 58). On August 31, 2010, the United States filed a notice of Sentencing Enhancement, which advised Petitioner of the maximum possible penalties. (Doc. 12). On September 29, 2010, Petitioner pled guilty (Doc. 14), and during the hearing, this Court reviewed the charge and the maximum possible penalty with the Petitioner and his counsel, which Petitioner indicated that he understood. (Doc. 39).

The Presentence Report ("PSR") called for a "base offense level of eight" for violation of 8 U.S.C. § 1326(a) under USSG § 2L1.2(a). (Doc. 17 at 5). However, because Petitioner had two prior convictions for aggravated felonies, first degree residential burglary and possession of a firearm by a felon, his offense level was increased by 16 to 24. (Doc. 17 at 5). The PSR indicated that the guideline range for imprisonment was 77 to 96 months. (Doc. 17 at 12).

Based upon Petitioner's objection, a Supplemental Addendum to the PSR was added and stated that one of the prior sentences was "imposed more than years prior to the commencement" of this action, and did not warrant criminal history points. (Doc. 26). The guideline range for imprisonment was recalculated to be 70 to 87 months. (Doc. 26).

On April 14, 2011, Petitioner was sentenced to imprisonment for 70 months (Doc. 28), and final judgment was entered on April 18, 2011. (Doc. 29).

---

to 10 years. If the deportation followed an aggravated felony, then the maximum term of imprisonment increases to 20 years.

On April 25, 2011, Petitioner filed a Notice of Appeal. (Doc. 31). Petitioner argued that the district court should have considered the possible sentencing disparity because he was sentenced in a district that did not have a fast track program. However, on December 19, 2011, the United States Court of Appeals for the Fifth Circuit affirmed this Court's judgment, finding that Petitioner's arguments were foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 (5th Cir. 2008). (Doc. 50). *Gomez-Herrera* "held that the disparity in sentences that occurs because some defendants can participate in a fast-track program while others cannot is not 'unwarranted' within the meaning of 18 U.S.C. § 3553(a)(6)." *United States v. Rodriguez-Bermudez*, 454 Fed. Appx. 339 (5th Cir. 2011) (unpublished). Petitioner's subsequent writ of certiorari was denied on April 16, 2012. (Doc. 51).

II.

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 51). In his motion, Petitioner argues that (1) he was "baited into the plea agreement" and this Court "ambushed him by sentencing him to four years," and (2) that his counsel was ineffective because he failed to advise the Petitioner "that he could be sentenced to a longer term of imprisonment" than the two year sentence for the underlying offense. (Doc. 51 at 14). Petitioner further argues that had he known "he was going to be charged with an offense he did not agree to in his plea agreement, he would not have accepted [it]." (Doc. 51 at 14).

In the Government's opposition, the Government points out that enhanced penalties are permissible under 8 U.S.C. § 1326. (Doc. 60). Violation of 8 U.S.C. § 1326(a) subjects a defendant to a maximum prison term of two years, but this term can be increased if the defendant's "removal was subsequent to a conviction for a commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)" to a prison term of 10 years. 8 U.S.C. § 1326(b)(1). The term can be increased to 20 years if the "removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). The Government correctly argues that Petitioner was made aware of the additionally statutory enhancements in multiple hearings and in the United States' Notice of Sentencing Enhancement. (Doc. 60). At all times, the record indicated that Petitioner understood these enhancements. Thus, the Court finds that Petitioner's arguments have no merit with respect to this claim.

The Court also finds that Petitioner's second claim, ineffective assistance of counsel, also has no merit. In order to prevail, Petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). As the Government argues, and this Court agrees, Petitioner has not made a showing that his counsel's performance fell below an objective standard of reasonableness.

Petitioner argues that his counsel failed to advise him of the increased penalties and failed to "argue and preserve that the defendant was unconstitutionally sentenced to an enhanced term under a statu[t]e that was not in his indictment." (Doc. 51 at 4). Petitioner contends that his attorney failed to raise this issue because there is a circuit split, but as the Government correctly points out, the United States Supreme Court has already ruled on his issue. (Docs. 51 and 60). In *Almendarez-Torres v. United States*, the Supreme Court stated that subsection (b)(2) of 8 U.S.C. § 1326 is a sentencing factor, and not a separate offense to be proven. *Almendarez-Torres v. United States*, 523 U.S. 224, 234-35 (1998). The Supreme Court has stated that a district court may use a prior conviction to increase the statutory penalty without having to prove this beyond a reasonable doubt. *See Blakely v. Washington*, 542 U.S. 296, 301-02 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Additionally, the Government correctly points out that the Fifth Circuit has also adopted the view that a prior felony conviction is a sentencing factor, and not an element of the crime. *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007). *See also United States v. Granados*, 355 Fed. Appx. 823, 825 (5th Cir. 2009) (unpublished) (finding that subsection (b) represented sentencing factors and not separate offenses or elements of the offense and that a "defendant will be subject to a sentence enhancement under §1326(b) even if the indictment neither alleges the existence of a prior felony offense nor

references the felony provisions of § 1326(b)." *Id.*).  Thus, Petitioner has not shown that his counsel's representation fell below an objective standard of reasonableness.

Accordingly, Petitioner's motion to vacate, set aside or correct sentence is DENIED.

Signed in Baton Rouge, Louisiana on October 23rd, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**